# COURT OF APPEALS.

## ALEXANDER J. HOWELL agt. HENRY R. VAN SICLEN and WILLIAM JOYCE, executors, &c.

*Costs — extra allowance — order of general term reversing the judgment and ordering a new trial with costs to the appellant, to abide the event — effect of, upon the costs.*

Where a judgment obtained by plaintiff on a first trial is reversed by general term, and a new trial ordered with costs to the defendants to abide the event, and upon the new trial the plaintiff again succeeds, he may tax costs not only for the new trial, but also costs of first trial.

Where an extra allowance was made to the successful party on the first trial, on the ground of the difficult and extraordinary character of such trial, after the reversal of the judgment and new trial, where the same party succeeds, he is entitled to include in his bill of costs such extra allowance.

What constitutes a difficult and extraordinary case within section 309 of the Code of Procedure so as to entitle the successful party to an extra allowance, considered.

*June*, 1877.

THESE are two appeals which were both heard and decided together.

The first is an appeal from an order of special term of the supreme court, which order granted to plaintiff an extra allowance. The suit was on a promissory note, and for rent. There have been two trials and an appeal. On the appeal by defendant from the judgment in favor of plaintiff on the first trial, the general term reversed the said judgment, and ordered a new trial, with costs to the defendants to abide the

event. This action, up to the time of the reversal on appeal in favor of defendant, took fifteen hearings; a large amount of testimony was taken; various motions were made, and "a great deal of time was spent in the progress of the case." On the new trial since the said reversal, the case has occupied two sittings, of not over two hours each, and there was one motion. The testimony on this second trial does not take up over five folios; nor over sixteen folios, including all of defendant's objections.

The second is an appeal from a bill of costs, on judgment for plaintiff, on a new trial, after appeal. The first judgment in favor of plaintiff was reversed on appeal, and a new trial ordered, with costs to the defendant to abide the event. The costs on the judgment on the second trial were taxed by the clerk on notice, and the defendants objected and excepted to each and every item ·in the bill which had been taxed on the first trial. The items taxed on the first trial to which defendants objected and excepted, amount to $512.13. If defendants succeed on this appeal the costs should be adjusted at $177.84, instead of $689.97. Defendants appealed from the clerk to special term, and the taxation and adjustment by the clerk were affirmed.

Defendants then appealed to the general term, which again affirmed the taxation, writing the following opinion:

BRADY, *J.*—When a new trial is ordered the costs of the appeal are in the discretion of the court (*Code, sec.* 306; *Ayres agt. Western R. R. Co.*, 49 *N. Y.*, 660; *Sturgis agt. Spofford*, 58 *N. Y.*, 103).

The costs in the action are a statutory right dependent upon success, except when they are, as in certain cases, designated (*Code*, § 306, *supra*), in the discretion of the court. When this court granted a new trial, with costs to the defendant to abide the event, it was the costs of the appeal, and not the costs in the action, which were allowed. The plaintiff, having succeeded, was entitled to costs, but the defendant,

having reversed the judgment, was allowed costs of the proceedings taken by him for that purpose, provided he succeeded in the action. The plaintiff could not have them in any event, because he did not maintain his judgment. The defendant was not, when the appeal was taken, entitled to costs. He had not succeeded in the action, and the presumption must be against him, if any be indulged in, where the reversal of the judgment rests upon some error committed upon the trial. He was not the successful party, and still insisting upon his non-liability for the plaintiff's claim, he demanded a new trial. He was again unsuccessful, and the plaintiff became, by operation of the statute, entitled to the costs in the action, except the costs of the appeal. These costs were awarded him, and properly. He was the successful party. The provision in the Code allowing a party to offer to let the plaintiff take judgment for a sum named was designed to protect him from unnecessary litigation, and where he does not avail himself of it, the burden imposed by the controversy is voluntarily assumed. He cannot complain if proceedings which he has rendered necessary by his refusal to pay or adjust a legal demand, are attended with expenses which he is required to pay. We think, for these reasons, that the appeal from the taxation was not well taken, and that the order appealed from relating thereto should be affirmed, with ten dollars costs, and the disbursements of this appeal. We have examined the appeal from the order making an allowance of five per cent on the amount of the judgment, and which is about $215. We think the various proceedings in this action, including a commission and two trials, well warrant the allowance made.

We think the order in that respect should also be affirmed, with ten dollars costs and the disbursements of the appeal.

I concur: CHARLES DANIELS, NOAH DAVIS.

Defendants now appeal to the court of appeals from the order which granted to plaintiff an extra allowance, and also

Howell agt. Van Siclen.

from the order affirming taxation of costs, and ask the court to modify the judgment as to those items of costs in the bill which had been taxed on the first trial.

*As to the extra allowance, George W. Van Siclen,* for defendants.

I. The order directing the extra allowance is appealable (*Duncan* agt. *De Witt,* 14 *N. Y. Sup. Court Rep.* [7 *Hun*], 185, *and cases cited*). Although a discretionary order, the discretion of the court must be based upon facts; since 1859 the action must be both difficult *and* extraordinary to permit of an extra allowance (*Code,* § 309). It is not a question of *how great* an allowance, but should any allowance have been granted. This appeal, therefore, is not governed by the case of *Krebeler* agt. *Ritter* (62 *N. Y.,* 372). In the case at bar the legal discretion of the court below was not exercised. The order for an extra allowance subjects the defendants to the payment of a sum of money, and for that reason affects a substantial right, and is appealable (*People* agt. *N. Y. C. R. R. Co.,* 29 *N. Y.,* 418; *Hanover Fire Ins. Co.* agt. *Tomlinson,* 58 *N. Y.,* 215).

II. The case was not both difficult and extraordinary; hence the extra allowance was unauthorized (*Duncan* agt. *De Witt,* 14 *N. Y. S. C.* [7 *Hun*], 185).

III. But the plaintiff, under the judgment on appeal, is only entitled to an allowance if the case since the reversal on appeal was both difficult and extraordinary. For the judgment was reversed, and a new trial ordered with costs to the defendants to abide the event. And the reason of that judgment was the admission of improper evidence offered by plaintiff; that is, because of the plaintiff's incorrect practice. Why should defendants be made to pay for plaintiff's mistakes in practice? The general term, by that judgment of reversal, said that the plaintiff should have no costs of the first trial in any event. The judgment on the first trial having been reversed, all costs that grew out of it fell with it.

For the same reason plaintiff should have no allowance for the first trial and appeal, even if otherwise entitled.

*Culver & Wright*, for plaintiff, and *E. J. Spink*, of counsel.

I. The appeal is evidently founded wholly upon the appellant's construction of the general term order reversing the judgment below, and ordering a new trial with costs to the defendants to abide events.

II. That order does not, and could not, affect the question of costs or allowances in the court below. The discretion of the court was limited to costs in the appellate court (*Code*, sec. 306 ; *Sturgis* agt. *Spofford*, 58 *N. Y.*, 103 ; *Ayers* agt. *West. R. R. Corp.*, 49 *id.*, 660).

III. The trials in this action involved and settled the claim of the plaintiff upon the promissory note, but also a claim against him for alleged losses in a mercantile adventure amounting to $4,050, also a claim against him for board and lodging for his family amounting to $416, also a claim against him for a quantity of damask linen amounting to $1,350.

IV. The case clearly falls within the decision sustaining allowances, and is one in which an allowance is eminently proper (*Dykeman* agt. *McDonald*, 5 *How.*, 121 ; *Schwartz* agt. *Poughkeepsie Mut. F. Ins. Co.*, 10 *id.*, 93 ; *Fox* agt. *Gould*, 5 *id.*, 278 ; *Niver* agt. *Rossman*, 5 *id.*, 153 ; *People* agt. *N. Y. C. R. R. Co.*, 30 *id.*, 148).

V. The order at special term was the exercise of a wise discretion, and having been affirmed by the general term, no appeal lies to this court (*Southwick* agt. *Southwick*, 49 *N. Y.*, 510).

*As to order affirming taxation of costs, George W. Van Siclen*, for defendants.

I. In the judgment on reversal, on the first appeal, a new trial was ordered with costs to defendants to abide the event. Not "costs to abide the event," not "costs to either party to abide the event," not "costs to the plaintiff to abide the event," but costs to the defendants only; that is, as the

Howell agt. Van Siclen.

defendants claim, the general term said if the plaintiff succeeds on the second trial they shall not have the costs of the first trial. Neither party shall then have them. But if the defendants succeed on the second trial, they shall also have the costs of the first. The reason of this decision does not appear in the judgment on appeal, but the judgment was reversed because of improper testimony on plaintiff's behalf, admitted on the trial against defendants' objection, and the general term evidently considered that defendants in any event should not be made to pay for plaintiff's incorrect practice, but as the defense on the first trial was technical, the general term said that the defendants should only be paid costs for their trouble on the first trial if they should succeed on the second trial. Why should the defendants pay for plaintiff's incorrect practice?

II. But the general term now say on this point: "When this court granted a new trial with costs to the defendant to abide the event, it was the costs of the appeal, and not the costs in the action, which were allowed. The plaintiff having succeeded, was entitled to costs; but the defendant having reversed the judgment, was allowed costs of the proceeding taken by him for that purpose, provided he succeeded in the action. The plaintiff could not have them in any event, because he did not maintain his judgment."

III. The costs, which, previous to the decision on appeal, were dependent upon the event of the action, were disposed of by the final result on the appeal (*Patten* agt. *Stitt*, 50 *N. Y.*, 591). The judgment obtained on the first trial was reversed, and the costs included in that judgment fell with it.

IV. The costs "when a new trial is had," allowed by section 307 of the Code, refer to a new trial on the minutes, and not to a new trial granted on an appeal. The form of subdivision 3 of section 307, therefore, does not show that the taxing of the costs of the previous trial was intended where the judgment on the previous trial had, as in this case, been reversed. No objection was made to one trial fee.

Howell agt. Van Siclen.

V. It is respectfully submitted that there is no authority for including in the bill of costs on a second trial the costs and disbursements included in the judgment on the first trial, which judgment was reversed on appeal.

VI. This order is appealable under *Sturgis* agt. *Spofford* (58 *N. Y.*, 103).

VI. The order appealed from, affirming the taxation and adjustment by the clerk, should be reversed, and all the items of the bill of costs objected to as costs and disbursements on the first trial herein should be rejected, and the costs retaxed at the gross amount of $177.84, and the judgment roll should be amended accordingly.

*Culver & Wright*, for plaintiff, and *E. J. Spink*, of counsel.

I. The only question to be considered here is the effect of the language of the order granting a new trial, as the court will not hear a motion to retax upon any point not made before the taxing officer (*Eden* agt. *Wilkes*, 1 *Cow.*, 591).

II. The appellate court did not intend by the language of the order of reversal to affect or regulate the recovery of costs except of the appeal. The proper construction of the order is, that in no event could the plaintiff recover costs of that appeal; but that the defendants, if finally successful, might tax them. If the court intended a wider meaning, it had no power to give it effect.

III. Section 306 of the Code provides that " in the following cases the costs of an appeal shall be in the discretion of the court: 1. When a new trial shall be ordered. 2. When a judgment shall be affirmed in part and reversed in part.

IV. The discretion given by section 306 of the Code to an appellate court, as to costs of appeal where judgment is affirmed in part and reversed in part, or where a new trial is granted, only applies to, and affects the costs in, the appellate court (*Sturgis* agt. *Spofford*, 58 *N. Y.*, 103 ; *Ayres* agt. *West. R. R. Corp.*, 49 *id.*, 660).

V. The costs in this action are a statutory right, and,

Howell agt. Van Siclen.

except as to costs of the appeal, do not at all. depend on the discretion of the court. It was an action for the recovery of money, and more than fifty dollars was recovered. Section 304 of the Code provides that "costs shall be allowed, of course, to the plaintiff upon a recovery in the following cases." * * * Subd. 4. "In an action for the recovery of money where the plaintiff shall recover fifty dollars." * * *

VI. The items taxed were properly taxed, and in fact an item of twenty-five dollars "for all proceedings after the granting of, and before such new trial," which was properly taxable, was omitted. Section 307 of the Code provides: "When allowed, costs shall be as follows: 1. To the plaintiff, for all proceedings before notice of trial, fifteen dollars, and for all proceedings after notice of, and before trial, fifteen dollars. * * * 3. To either party, when a new trial shall be had, for all proceedings after the granting of, and before such new trial, twenty-five dollars. 4. To either party for the trial of an issue of law, twenty dollars; for every trial of an issue of fact, thirty dollars, and where the trial shall necessarily occupy more than two days, ten dollars in addition thereto. * * * 7. To either party, for every circuit or term not exceeding five * * * ten dollars."

VII. The very form of subdivision 3 of section 307 of the Code shows that the taxing of the costs of the previous trial and of the items previously mentioned was intended, and the decision of the courts have repeatedly been that a trial fee is taxable for each time the cause is tried, whether it result in a verdict or not (*Hamilton* agt. *Butler*, 30 *How.*, 36; *S. C.*, 4 *Rob.*, 654; *Mitchell* agt. *Westervelt*, 6 *How.*, 265–311; *Dewey* agt. *Stewart*, 6 *id.*, 465).

VIII. The order of the special term appealed from was proper, and, having been affirmed by the general term, no appeal lies to this court (*The People ex rel. Clute, &c.*, agt. *Boardman*, 41 *N. Y.*, 362, *and cases there cited*).

THE COURT affirmed both orders of the general term as to the extra allowance and also as to the taxation of costs.